SCHROEDER, Circuit Judge,
Dissenting, in part:
I agree with the majority that TASER adequately warned that repeated shocks in stressful situations could lead to death. I therefore disagree with the majority’s holding that the force was not deadly. Because there was no established law on the point at the time of Ronald’s death, however, I concur in the result on the federal claim discussed in Part III of the majority opinion. The officers were entitled to qualified immunity. See Mattos v. Agarano, 661 F.3d 433, 452 (9th Cir.2011) (en banc).
The state law claims of excessive force, however, should have gone to the jury. The officers, in their own words, “panicked” when faced with this unarmed, mentally ill man. They attacked Ronald with the X26 while “flipping [it] on and off,” and they pulled the trigger a total of 22 times. The coroner found five pairs of taser burn *1181 marks on Ronald’s chest and two taser probes embedded in his chest. A recent study published in a journal of the American Heart Association has concluded that a single taser shock to the chest can kill. See Douglas P. Zipes, Sudden Cardiac Arrest and Death Associated with Application of Shocks from, a TASER Electronic Control Device, Circulation, Apr. 30, 2012, at 4 (analyzing the medical records of eight men, seven of whom died after being tased in the chest area, and concluding that shocks from an X26 can cause cardiac arrest). Two more pairs of burn marks were found elsewhere on Ronald’s body. Ronald died immediately following this attack. The majority states that it is “not convinced that the use of an X26 involves deadly force.” Even if we are not “convinced” that the officers used deadly force, neither are we in a position to decide the issue as a matter of law.
The majority goes on to conclude that if the force used was deadly, such force was justified under the circumstances. This too is a question of fact. Whether use of a deadly weapon at close range in a small, crowded room was nevertheless justified by Ronald’s threatening conduct is an issue that should be decided by the jury. No Arizona decision under Arizona Revised Statute § 13-410(c)(2)(c) supports resolving the question as a matter of law. The case the majority cites, Garcia v. United States, 826 F.2d 806 (9th Cir.1987), involved a direct attack on a border patrol agent and was decided under a different section of the statute.
Accordingly, I would vacate the judgment in favor of the defendants on the state law claims and remand for further proceedings as to those claims. I therefore must respectfully dissent from the portion of the majority’s opinion that affirms the dismissal of the state law claims.